UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| AARON TARVER | CIVIL ACTION NO. 05-1672-M |
| VS. | SECTION P |
| JOHNNY SUMLIN, WARDEN | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner Aaron Tarver on September 22, 2005. Tarver is an inmate at the Union Parish Detention Center, Farmerville, Louisiana. He claims that he is serving concurrent Louisiana and Federal sentences and that he should have been released from custody under both sentences on June 23, 2005.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

Petitioner was convicted of possession with intent to distribute marijuana in the United States District Court for the Middle District of Georgia on August 12, 2003; on November 13, 2003 he was sentenced to serve twenty-seven months imprisonment. See *United States v. Aaron Amin Tarver*, III, No. 4:03-cr-00006-CDL-2 (United States District Court, Middle District of Georgia, Columbus Division.)

On July 20, 2004 he was convicted of possession with intent to distribute marijuana in the Third Judicial District Court, Union Parish, Louisiana. He was sentenced to serve five years on

1

that conviction.

On November 28, 2005 petitioner was released from custody. [See http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&LastName=tarver&Middle=&FirstName=aaron&Race=U&Sex=U&Age=&x=28&y=18#]

## LAW AND ANALYSIS

"A *habeas* petition, on the other hand, is the proper vehicle to seek release from custody." See *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). The petition seeks only a release from custody. Petitioner has been released from custody. Once a dispute is resolved, it is moot. *American Medical Ass'n v. Bowen*, 857 F.2d 267, 270-71 (5th Cir.1988). A case is moot if the issues presented are no longer live or if the parties have no cognizable interest in the outcome. *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000). To the extent that petitioner sought release from custody, his claim became moot when such release was granted and dismissal on that basis is recommended.

Therefore,

**IT IS RECOMMENDED** that this petition for habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE** as **MOOT.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

**proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 19th day of December, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE